NEEDHAM HEMINGWAY *v.* FOSTER D. PRESTON.

Where an injunction had been granted, enjoining defendant from interfering with, or encumbering certain lands and premises, and defendant, at and previous to the granting of the injunction, being in possession of, and claiming title to, a mill on the land, forcibly put out two agents of the complainant who came into the mill after the injunction had been served, and refused to leave when requested, it was held to be no violation of the injunction, which was not intended to dispossess the defendant.

MOTION for an attachment for a violation of an injunction.

The injunction was granted on January 24th, 1845, and, on the same day, served on defendant, commanding him "absolutely to desist and refrain from making any conveyance of, or creating any incumbrance or lien whatever upon," certain premises described in the writ; and that he should "*absolutely refrain and desist from any interference whatever* with the said land, real estate and premises, or the appurtenances to the same in anywise belonging," until the further order of the Court.   Preston, it appeared, was in possession of a mill on the premises described in the injunction, at the time the writ was granted, claiming title thereto, and had been for three weeks previous.   On the 25th of January, the day after the allowance and service of the injunction, one Spencer, in the employ of complainant, and Henry S. Hemingway, a son of complainant, were in the mill, whither they had gone by complainant's direction; and the miller having charge of the mill for Preston, wishing to lock up and go to his dinner, requested them to leave, which they refused to do.   Preston, being informed of what had taken place, went to the mill, and finding them there, requested them to leave, which they refused; when he put them out by force.

*Stevens*, in support of the motion.

*R. Hosmer*, contra.

THE CHANCELLOR. The injunction does not require Preston to do any act, but to refrain from doing certain acts. It is wholly negative in its character, and was intended, as is manifest from its language, to prevent him from disturbing or molesting the actual possession or occupancy of complainant; and nothing more. It was not designed to dispossess defendant, or to turn him out of possession, and put complainant in.

Motion denied, with $5 costs to defendant.